UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALAN SEWARD,

                                    Plaintiff,

     -against-

DET. CAMILO R. ANTONINI, Badge No. D111;
DET. SGT. SEAN J. FEGAN, Badge No. DS001;
THE CITY OF MOUNT VERNON, SGT. JOSE
QUINOY, Badge No. 11; P.O. PATRICK KING,
Badge No. 2113; P.O. SEBASTIAN SALAZAR,
Badge No. 2148; P.O. ROBERT F. KRESSMAN,
Badge No. 2114; P.O. MICHAEL HUTCHINS,
Badge No. 2054; P.O. RAVIN PALMER,
Badge No. 2136; P.O. JOSEPH VALENTE;
POLICE COMMISSIONER SHAWN HARRIS;
POLICE COMMISSIONER GLENN SCOTT;
and unidentified Mount Vernon
Police Department employees and officers,

                                    Defendants.
------------------------------------------------------------------X

**20-CV-9251 (KMK)**

**ANSWER TO FIRST AMENDED COMPLAINT**

      Defendants, DET. CAMILO ANTONINI, DET. SGT. SEAN J. FEGAN, P.O. ROBERT PUFF, SGT. JOSE QUINOY, P.O. PATRICK KING, P.O. SEBASTIAN SALAZAR, P.O. ROBERT KRESSMAN, P.O. MICHAEL HUTCHINS, P.O. RAVIN PALMER, P.O. JOSEPH VALENTE, POLICE COMMISSIONER SHAWN HARRIS, and POLICE COMMISSIONER GLENN SCOTT ("Defendants"), by their attorneys, The Quinn Law Firm PLLC, for their Answer to Plaintiff's First Amended Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

## Introduction

1. Deny the allegations set forth in paragraph "1" of the Complaint.

2. Deny the allegations set forth in paragraph "2" of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, and respectfully refer all questions of law to the Court.

4. Deny the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint that a strip and/or body cavity search was conducted on Plaintiff, and respectfully refer all questions of law to the Court.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit only that plaintiff purports to proceed as stated therein, and respectfully refer all questions of law to the Court.

## Jurisdiction and Venue

9. Deny the allegations set forth in paragraph "9" of the Complaint, and respectfully refer all questions of law to the Court.

10. Deny the allegations set forth in paragraph "10" of the Complaint, and respectfully refer all questions of law to the Court.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiff purports to lay venue as stated therein.

## Parties

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Admit the allegations set forth in paragraph "13" of the Complaint.

14. Admit the allegations set forth in paragraph "14" of the Complaint.

15. Admit the allegations set forth in paragraph "15" of the Complaint.

16. Admit the allegations set forth in paragraph "16" of the Complaint.

17. Admit the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "16" of the Complaint.

19. Admit the allegations set forth in paragraph "19" of the Complaint.

20. Admit the allegations set forth in paragraph "20" of the Complaint.

21. Admit the allegations set forth in paragraph "21" of the Complaint.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Admit the allegations set forth in paragraph "23" of the Complaint.

24. Admit the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit only that plaintiff purports to proceed as stated therein.

29. Admit the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit only that the individually named Defendants were acting within the scope of their employment by the City of Mount Vernon.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admit only that on November 7, 2017, Defendants Antonini, Fegan, Puff, Quinoy, Hutchins Salazar and Palmer executed a search warrant at 156 South First Avenue, Apartment 4N, Mount Vernon New York, and named on the search warrant was "Alan D. Thompson, a/k/a Budda Bless", D.O.B. 3/17/1972, Black Male, 45 YOA, Brown Skin, Med Build, 5'08" tall, and Bald Head".

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34", except admit only that, Defendant Antonini held the rank of Detective, and that Defendant Fegan was Defendant Antonini's and Defendant Puff's supervising officer.

35. Deny the allegations set forth in paragraph "35" of the Complaint, and further allege that Defendants executed a valid search warrant signed by a Mount Vernon City Court Judge.

36. Deny the allegations set forth in paragraph "36" of the Complaint, and further allege that the adult occupants of the apartment were detained and searched pursuant to a valid search warrant signed by a Mount Vernon City Court Judge.

37. Deny the allegations set forth in paragraph "37" of the Complaint, and further allege Defendant Officers searched the apartment pursuant to a valid search warrant signed by a Mount Vernon City Court Judge and cocaine residue and drug paraphernalia were found in the apartment.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, and further allege that cocaine residue and drug paraphernalia was found in the apartment, and admit only that officers left the apartment and went to Bungalow Bar at 523 South Fulton Avenue, Mount Vernon, New York, where they believed they would find Plaintiff.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit only that Defendant Puff wrote in his report that Defendant Antonini remained in the apartment while he and Defendants Quinoy, King, Hutchins, and Valente responded to the Bungalow Bar.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the Complaint, deny the allegations that Defendants accosted Plaintiff and that Plaintiff's arrest was illegal, and admit only that Plaintiff's was handcuffed and led out of the bar to an unmarked police car on the street outside Bungalow Bar.

42. Deny the allegations set forth in paragraph "43" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint, except deny that Defendants stole cash or marijuana recovered from Plaintiff's person.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit only that Defendant was handcuffed and transported to 156 South 1st Avenue, Apartment 4N.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit only that Ms. Thompson was not charged with any crime.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except further allege that cocaine residue and drug paraphernalia were found in the apartment, that drugs were found on Plaintiff's person at the Bungalow Bar and that Plaintiff stated, "Anything you find in the apartment is mine, I don't want anyone else getting in trouble for my mistakes.".

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, and further allege that a search of Plaintiff's person pursuant to the search warrant revealed Plaintiff to be in possession of cocaine.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit only that Plaintiff was charged by a felony complaint with Criminal Possession of a Controlled Substance in the Third Degree in violation of PL 220.16, a B felony, which was dated November 8, 2017 and signed by Defendant Puff.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Admit the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff has at all times denied having sold drugs on or about October 19, 2017.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information to form a belief as to the truth of the allegations in paragraph "69" of the Complaint, except deny that the complaint against Plaintiff was false.

70. Admit the allegations set forth in paragraph "70" of the Complaint, except deny any inference of reputational harm to Plaintiff.

71. Admit the allegations set forth in paragraph "71" of the Complaint, except deny any inference of reputational harm to Plaintiff.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit only that Plaintiff interprets Mayor Thomas's comments to connect the referenced drug transactions to acts of terrorism against the United States.

73. Admit the allegations set forth in paragraph "73" of the Complaint.

74. Admit the allegations set forth in paragraph "74" of the Complaint, except deny any inference of reputational harm to Plaintiff.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint, except admit only that Plaintiff was

arrested for Criminal Sale of a Controlled Substance in the Third Degree and Bail Jumping in the Third Degree.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73".

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit only that Plaintiff pled guilty to Bail Jumping in the Third Degree in satisfaction of his other two charges of Criminal Possession of a Controlled Substance in the 7th Degree.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint, except admit only that Plaintiff purports to recite portions of the Mount Vernon Police Department Manual.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint, except admit only that Plaintiff purports to interpret portions of the Mount Vernon Police Department Manual.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "81" of the Complaint, except admit only that Plaintiff purports to recite portions of the MVPD Procedure No. 3.045.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit only that Plaintiff purports to describe other lawsuits against the City of Mount Vernon, and further allege that these lawsuits are not relevant to Plaintiff's claims in this lawsuit.

87. Deny the allegations set forth in paragraph "86" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint, except admit only that Plaintiff purports to describe other lawsuits against the City of Mount Vernon, and further allege that these lawsuits are not relevant to Plaintiff's claims in this lawsuit.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint, except deny that a clear and obvious pattern of misconduct has been demonstrated.

90. Deny the allegations set forth in paragraph "90" of the Complaint, except admit only that Plaintiff purports to recite portions of a news article published by The Gothamist.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint.

92. Admit the allegations in paragraph "92" of the Complaint, and deny any inference that Defendants instituted, enforced or permitted such a policy or practice.

93. Admit the allegations in paragraph "92" of the Complaint, and deny any inference that Defendants instituted, enforced or permitted such a policy or practice.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Admit the allegations in paragraph "98" of the Complaint, and deny any inference that Defendants instituted, enforced or permitted such a policy or practice.

99. Admit the allegations in paragraph "99" of the Complaint, and deny any inference that Defendants instituted, enforced or permitted such a policy or practice.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint, except admit only that Defendants' actions during the underlying arrest and prosecution of Plaintiff were carried out under the color of state law.

107. Deny the allegations set forth in paragraph "106" of the Complaint, except admit only that Defendants' actions during the underlying arrest and prosecution of Plaintiff were carried out in their capacity as police officers and under the color of state law.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint, except deny that Plaintiff had not committed a crime and was no longer engaged in criminal conduct.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

## Count I – 42 U.S.C. § 1983
## Fourteenth Amendment/Illegal Search and Seizure

122. In response to the allegations set forth in paragraph "122" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

123. Deny the allegations set forth in paragraph "123" of the Complaint

124. Deny the allegations set forth in paragraph "124" of the Complaint

125. Deny the allegations set forth in paragraph "125" of the Complaint

126. Deny the allegations set forth in paragraph "126" of the Complaint

127. Deny the allegations set forth in paragraph "127" of the Complaint

## Count II – 42 U.S.C. § 1983
## Excessive Force

128. In response to the allegations set forth in paragraph "128" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

### Count III – 42 U.S.C. § 1983
### False Arrest/Unlawful Imprisonment

133. In response to the allegations set forth in paragraph "133" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Deny the allegations set forth in paragraph "137" of the Complaint.

### Count IV - 42 U.S.C. § 1983
### Malicious Prosecution

138. In response to the allegations set forth in paragraph "138" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

### Count V – 42 U.S.C. § 1983
### Violation of a Right to Fair Trial

143. In response to the allegations set forth in paragraph "143" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

144. Deny the allegations set forth in paragraph "144" of the Complaint.

145. Deny the allegations set forth in paragraph "145" of the Complaint.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

<div align="center">

**Count VI – 42 U.S.C. §. 1983**
**Failure to Intervene**

</div>

149. In response to the allegations set forth in paragraph "149" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

150. Deny the allegations set forth in paragraph "150" of the Complaint.

151. Deny the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint.

<div align="center">

**Count VII – 42 U.S.C. § 1983**
**Section 1983 Monell Claim**

</div>

155. In response to the allegations set forth in paragraph "155" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

156. Deny the allegations set forth in paragraph "156" of the Complaint.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny the allegations set forth in paragraph "158" of the Complaint.

159. Deny the allegations set forth in paragraph "159" of the Complaint.

160. Deny the allegations set forth in paragraph "160" of the Complaint.

161. Deny the allegations set forth in paragraph "161" of the Complaint.

162. Deny the allegations set forth in paragraph "162" of the Complaint.

163. Deny the allegations set forth in paragraph "163" of the Complaint.

164. Deny the allegations set forth in paragraph "164" of the Complaint.

165. Deny the allegations set forth in paragraph "165" of the Complaint.

<div align="center">

**Count VIII- 42 U.S.C. § 1983**
**Supervisory Liability**

</div>

166. In response to the allegations set forth in paragraph "166" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

167. Deny the allegations set forth in paragraph "167" of the Complaint.

168. Deny the allegations set forth in paragraph "168" of the Complaint.

<div align="center">

**Supplemental State Law Claims**

</div>

169. In response to the allegations set forth in paragraph "169" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Complaint and respectfully refer all questions of law to the Court.

171. Admit the allegations set forth in paragraph "171" of the Complaint.

172. Deny the allegations set forth in paragraph "172" of the Complaint.

173. Deny the allegations set forth in paragraph "173" of the Complaint and respectfully refer all questions of law to the Court.

174. Deny the allegations set forth in paragraph "174" of the Complaint and respectfully refer all questions of law to the Court.

## Count VIII – New York State Law
## Malicious Prosecution[1]

175. In response to the allegations set forth in paragraph "175" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

176. Deny the allegations set forth in paragraph "176" of the Complaint.

177. Deny the allegations set forth in paragraph "177" of the Complaint.

178. Deny the allegations set forth in paragraph "178" of the Complaint.

179. Deny the allegations set forth in paragraph "179" of the Complaint.

## Count IX – New York State Law
## Intentional Infliction of Emotional Distress

180. In response to the allegations set forth in paragraph "180" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

181. Deny the allegations set forth in paragraph "181" of the Complaint.

182. Deny the allegations set forth in paragraph "182" of the Complaint.

## Count XIV – New York State Law
## Negligent Screening, Hiring, and Retention

183. In response to the allegations set forth in paragraph "183" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

184. Deny the allegations set forth in paragraph "184" of the Complaint.

185. Deny the allegations set forth in paragraph "185" of the Complaint.

---

[1] In the Complaint, the numbering of the counts do not follow sequentially. Defendants have listed the counts herein as they appear in the Complaint.

### Count XV – New York State Law
### Negligent Training and Supervision

186. In response to the allegations set forth in paragraph "186" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

187. Deny the allegations set forth in paragraph "185" of the Complaint.

### Count XVI – New York State Law
### Respondeat Superior Liability

188. In response to the allegations set forth in paragraph "188" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

189. Deny the allegations set forth in paragraph "189" of the Complaint, except admit only that Defendants were employees of the Mount Vernon Police Department.

190. Deny the allegations set forth in paragraph "190" of the Complaint.

191. Deny the allegations set forth in paragraph "191" of the Complaint.

### **AFFIRMATIVE DEFENSES**

### As and For a First Affirmative Defense

192. The Complaint fails to state a claim for relief upon which relief may be granted.

### As and For a Second Affirmative Defense

193. Plaintiff's damages, if any are proven, were not proximately caused by Defendants.

### As and For a Third Affirmative Defense

194. Defendant CITY OF MOUNT VERNON is protected by the doctrine of municipal immunity.

### As and For a Fourth Affirmative Defense

195.    In the absence of an underlying constitutional violation, the Section 1983 claims fail as a matter of law.

### As and For a Fifth Affirmative Defense

196.    There was no unlawful search or seizure of Plaintiff.

### As and For a Sixth Affirmative Defense

197.    There was no false arrest or unlawful imprisonment of Plaintiff.

### As and For a Seventh Affirmative Defense

198.    There was no malicious prosecution of Plaintiff.

### As and For an Eighth Affirmative Defense

199.    There was no violation of Plaintiff's right to a fair trial.

### As and For a Ninth Affirmative Defense

200.    In the absence of an underlying constitutional violation, any municipal liability claim against Defendant CITY OF MOUNT VERNON fails as a matter of law.

### As and For a Tenth Affirmative Defense

201.    Any municipal liability claim against Defendant CITY OF MOUNT VERNON fails as a matter of law because no custom, policy or practice of the CITY OF MOUNT VERNON- or failure to adopt any custom, policy or practice- proximately caused Plaintiff's alleged injuries.

### As and For an Eleventh Affirmative Defense

202.    Punitive damages are not available against Defendant CITY OF MOUNT VERNON.

### As and For a Twelfth Affirmative Defense

203. At all times relevant hereto, Defendants acted in good faith and took appropriate action in the discharge of their official duties.

### As and For a Thirteenth Affirmative Defense

204. Any injuries alleged to have been sustained by Plaintiff resulted from the culpable or negligent conduct of others and were not the proximate result of any act of Defendants.

### As and For a Fourteenth Affirmative Defense

205. Any injuries alleged to have been sustained by Plaintiff resulted from the culpable or negligent conduct of Plaintiff and were not the proximate result of any act of Defendants.

### As and For a Fifteenth Affirmative Defense

206. Defendants have not violated Plaintiff's constitutional, human, or statutory rights.

### As and For a Sixteenth Affirmative Defense

207. Any and all officers named in this suit are protected by the doctrine of absolute immunity.

### As and For a Seventeenth Affirmative Defense

208. Any and all officers named in this suit are protected by the doctrine of qualified immunity.

### As and For an Eighteenth Affirmative Defense

209. Plaintiff failed to mitigate his alleged damages.

### As and For a Nineteenth Affirmative Defense

210. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

### As and For a Twentieth Affirmative Defense

211. The actions of these answering Defendants were supported by probable cause or at least arguable probable cause.

### As and For a Twenty-First Affirmative Defense

212. Plaintiff has failed to allege personal involvement of the individually named Defendants.

**WHEREFORE,** Defendants, DET. CAMILO ANTONINI, DET. SGT. SEAN J. FEGAN, P.O. ROBERT PUFF, SGT. JOSE QUINOY, P.O. PATRICK KING, P.O. SEBASTIAN SALAZAR, P.O. ROBERT KRESSMAN, P.O. MICHAEL HUTCHINS, P.O. RAVIN PALMER, P.O. JOSEPH VALENTE, POLICE COMMISSIONER SHAWN HARRIS, and POLICE COMMISSIONER GLENN SCOTT, demand judgment:

I. Dismissing the Complaint in its entirety with prejudice;

II. An order awarding Defendants the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action and such other relief as this Court may deem just and proper.

Dated: White Plains, New York
       February 18, 2021

                    Respectfully submitted,

                    THE QUINN LAW FIRM

              By:   *Andrew C. Quinn*
                    _____
                    Andrew C. Quinn, Esq.
                    399 Knollwood Road, Suite 220
                    White Plains, New York 10603
                    Tel: (914) 997-0555
                    Fax: (914) 997-0550

TO:  *Via ECF and Email*  
Karen Newirth, Esq.  
Loevy & Loevy  
311 N. Aberdeen Street  
3rd Floor  
Chicago, IL 60607  
(718) 490-0028  
karen@loevy.com