UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALAN SEWARD,

Plaintiff,

-against-

20-CV-9251 (KMK)(PED)

DET. CAMILO R. ANTONINI, Badge No. D111;
DET. SGT. SEAN J. FEGAN, Badge No. DS001;
P.O. ROBERT G. PUFF, Badge No. 2154;
THE CITY OF MOUNT VERNON, SGT. JOSE
QUINOY, Badge No. 11; P.O. PATRICK KING,
Badge No. 2113; P.O. SEBASTIAN SALAZAR,
Badge No. 2148; P.O. ROBERT F. KRESSMAN,
Badge No. 2114; P.O. MICHAEL HUTCHINS,
Badge No. 2054; P.O. RAVIN PALMER,
Badge No. 2136; P.O. JOSEPH VALENTE;
POLICE COMMISSIONER SHAWN HARRIS;
POLICE COMMISSIONER GLENN SCOTT;
and unidentified Mount Vernon
Police Department employees and officers,

**PROPOSED STIPULATION**

Defendants.
------------------------------------------------------------------X

**WHEREAS,** the parties to the above-captioned action anticipate that discovery will include information which is sensitive, confidential and/or personal in nature; and in the interest of protecting confidential information while at the same time permitting discovery to proceed without delay occasioned by disputes regarding such information; and

**WHEREAS,** the above-captioned action is participating in Local Civil Rule 83.10 (formerly referred to as the "Section 1983 Plan"), and is therefore governed the provisions set forth in the Section 1983 Plan's Protective Order ;

**WHEREAS,** the parties have agreed to further protect Identifying Information related to Civilian Complainants, Related Parties, and Confidential Informants under an "Attorneys and Experts Eyes Only" provision;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by, between and among the undersigned counsel for the parties herein, as follows:

1. The parties hereby stipulate and agree that in addition to all of the provisions set forth in the Section 1983 Plan's Protective Order, personnel records of law enforcement officers and identifying information relating to civilian complainants and confidential informants disclosed in connection with this litigation shall be designated as "Attorneys and Experts Eyes Only".

2. The term "Personnel Records" shall include, but is not limited to: employment applications, documents produced or procured during the hiring process, performance evaluations, health records, financial records, reports of personnel changes, background checks, sealed criminal records, and educational records.

3. The term "Identifying Information" shall include, but is not limited to: names, aliases, dates of birth, home addresses, social security numbers, telephone numbers, email addresses, driver's license identification numbers, vehicle registration numbers, license plate numbers, and specific circumstances which could reveal the identity of the civilian complainant, related party, or a confidential informant.

4. The term "Civilian Complainant" shall mean civilians who have submitted formal Civilian Complaints or Employee Complaints to the Mount Vernon Police Department ("MVPD") on their own behalf or on the behalf of others, and civilians who have submitted complaints or information to the MVPD through other channels, on their own behalf or on the behalf of others.

5. The term "Related Party" shall mean any individual identified or referenced in any civilian complaint, including but not limited to: other witnesses, family members, neighbors, and employers.

6. The term "Confidential Informant" shall mean a person who, with reasonable expectation of confidentiality supplies information to any law enforcement officer concerning illegal activity on a continuous or part-time basis. Nothing in this stipulation shall require Defendants to disclose Identifying Information of Confidential Informants.

7. This Stipulation applies to information, documents, testimony and things subject to discovery in this proceeding, be it through depositions, interrogatories, document production or any other discovery device pursuant to the Federal Rules of Civil Procedure.

8. Identifying Information shall be used or disclosed solely in this action and in accordance with the provisions of this Stipulation. Identifying Information shall not be used in any other litigation, for any other purpose, or disclosed or made available to any person or entity who is not expressly authorized to review same under the terms and conditions of this Stipulation, except (a) with consent of the producing party, or (b) in accordance with an Order of the Court. The limitations of disclosure of Confidential Information apply to both the parties and their respective counsel.

9. Identifying Information shall not be disclosed to Plaintiff under any circumstance absent the Defendants' consent or an Order of this Court.

10. To the extent that any document is designated as "Attorneys and Experts Eyes Only" under this stipulation, but is publicly available under New York Public Officers Law Article 6, known as the Freedom of Information Law "FOIL", the attorney seeking to share the document with anyone other than the party's expert must redact any identifying information from the document, as well as any other information which is not subject to public disclosure under New York Public Officers Law §87(2) prior to sharing the document.

11. Nothing in this Stipulation shall preclude any party or its representative from discussing with any other person the progress, theories, or legal strategies applicable in this action, as long as the contents of the Identifying Information are not disclosed. Other than by Court Order, Identifying Information may be disclosed only in accordance with this Stipulation.

12. Nothing in this Stipulation shall preclude any party or its representative from challenging the designation of any document or documents as "Attorneys and Experts Eyes Only." If the non-designating party objects to the designating party's designation of particular material or documents as "Attorneys and Experts Eyes Only," he or she shall state such objection in writing to counsel for the Designating Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Attorneys and Experts Eyes Only until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

13. Nothing in this Order constitutes an admission or agreement that any documents or information is subject to discovery or is admissible as evidence in this case, including any Identifying Information, and nothing in this Order shall be construed to prohibit or limit the parties' attorneys from seeking to mark or introduce Identifying Information at any deposition taken in, or at the trial of, this action.

14. Counsel for the receiving party shall notify counsel for the producing party in writing within five (5) business days after becoming aware of any loss, theft, or unauthorized copying or disclosure of Identifying Information, and shall take all steps reasonably

necessary and available to retrieve such Protected Materials and prevent any further unauthorized access or dissemination.

15. Within sixty (60) calendar days of the termination of this action by settlement or by judgment and the expiration of any and all appeals, all parties shall return to counsel for the producing party all Identifying Information received from such party including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of any such Identifying Information, parties may certify to counsel for the producing party that they have shredded all unreturned Identifying Information. Notwithstanding the foregoing, counsel for each party may retain pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporation Identifying Information.

16. This Stipulation and the agreements embodied herein shall survive the termination of this action and shall continue in full force and effect.

17. This Stipulation does not preclude any party from moving to have any other information or material designated as protected in accordance with the rules of the Court. Any such additional information or material designated by the Court as protected shall be treated as Confidential Information pursuant to the terms of this Stipulation.

18. This Stipulation is entered into without prejudice to the right or any party to seek additional protections if it believes the protections of this Order are not applicable or are inadequate. Nothing herein precludes any producing party from seeking such different or additional protection.

19. This Stipulation shall be fully binding on and enforceable against the parties hereto and their undersigned counsel, as well as any successor counsel appearing in this litigation.

Dated: White Plains, New York
July 20, 2021

Karen Newirth, Esq.
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
karen@loevy.com

By: *Karen* (signature)

Karen Newirth, Esq.

Dated: July 20, 2021

Dated: White Plains, New York
July 20, 2021

Marykate Acquisto, Esq.
The Quinn Law Firm, PLLC
Attorney for Defendants
399 Knollwood Road, Suite 220
White Plains, New York 10603

By: (signature)

Marykate Acquisto, Esq.

Dated: White Plains, New York
July 20, 2021

SO ORDERED:

(signature)

United States District Court
Southern District of New York