UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALAN SEWARD

                              Plaintiff,

      v.

DET. CAMILO R. ANTONINI, *et al.*,

                              Defendants.

No. 20-CV-9251 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

       Alan Seward ("Plaintiff" or "Seward") brings this Action under 42 U.S.C. § 1983 against the City of Mount Vernon ("the City") and members of its Police Department, including Detective Camilo R. Antonini ("Antonini"), Detective Sergeant Sean J. Fegan ("Fegan"), Police Commissioner Shawn Harris ("Harris"), Police Officer Michael Hutchins ("Hutchins"), Police Officer Patrick King ("King"), Police Officer Robert F. Kressman ("Kressman"), Police Officer Ravin Palmer ("Palmer"), Police Officer Robert G. Puff ("Puff"), Sergeant Jose Quinoy ("Quinoy"), Police Officer Sebastian Salazar ("Salazar"), Police Commissioner Glenn Scott ("Scott"), Police Officer Joseph Valente ("Valente"), and unidentified Mount Vernon Police Department employees and officers, alleging numerous constitutional and tort claims. (*See generally* Am. Compl. (Dkt. No. 28).) Before the Court is Plaintiff's Objection to an oral ruling from Magistrate Judge Paul Davison ("Judge Davison") denying Plaintiff's Motion to Compel Defendants to reveal the identity of a confidential informant ("CI") and lift the "attorney's eyes only" ("AEO") designation on the search warrant at issue in this case (the "Motion to Compel"). (*See* Pl.'s Obj. (Dkt. No. 77).) For the reasons set forth below, Plaintiff's Objections are overruled.

timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.'" *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, Nos. 18-CV-1781, 18-CV-7692, 2022 WL 153183, at *2 (S.D.N.Y. Jan. 18, 2022). "Orders involving discovery are considered nondispositive." *Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, — F. Supp. 3d — , 2021 WL 5299193, at *2 (S.D.N.Y. Nov. 15, 2021). "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' and is 'contrary to law if it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure.'" *Id.* (quoting *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-10067, 2018 WL 3863447, at *3 (S.D.N.Y. Aug. 13, 2018)). Because "'[a] magistrate judge is best qualified to judge the entire atmosphere of the discovery process,'" his "'rulings on discovery matters are entitled to substantial deference.'" *Michelo*, 2022 WL 153183, at *2 (quoting *U2 Home Entm't Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007)).

      B. Analysis

      Plaintiff argues that Judge Davison's ruling denying Plaintiff's Motion to Compel was clearly erroneous because he did not engage in the fact-intensive analysis that is necessary for the application of the law enforcement privilege. (*See* Pl.'s Obj. 8.) Defendants respond the informer's privilege—and not the law enforcement privilege—applies, and that Judge Davison applied it correctly to the facts of this case. (*See* Defs.' Resp. to Pl.'s Obj. ("Defs.' Resp.") 3–4 (Dkt. No. 82).)

      As an initial matter, the Court clarifies that the informer's privilege, which indeed applies to this case, is a subset of the broader law enforcement privilege. The purpose of the law

enforcement privilege is "[t]o prevent disclosure of law-enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law-enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re City of N.Y.*, 607 F.3d 923, 941 (2d Cir. 2010). The informer's privilege is a "species" of the law enforcement privilege that specifically focuses on "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Arbelaez v. City of New York,* No. 17-CV-6543, 2019 WL 5634174, at *2 (S.D.N.Y. Oct. 31, 2019) (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). The purpose of the informer's privilege "is the furtherance and protection of the public interest in effective law enforcement." *Roviaro*, 353 U.S. at 59. "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials, and, by preserving their anonymity, encourages them to perform their obligation." *Id.*

"The Second Circuit has established a two-pronged test to determine whether a party can pierce the veil of the [informer's] privilege." *Newell v. City of New York*, No. 00-CV-8333, 2003 WL 21361737, at *2 (S.D.N.Y. June 12, 2003). "To overcome the privilege, the party seeking disclosure has the burden of establishing that the information sought is both relevant and essential to the presentation of his case on the merits, and that the need for disclosure outweighs the need for secrecy." *Id.* (quoting *Cullen v. Margiotta*, 822 F.2d 698, 715-16 (2d Cir. 1987)). "If disclosure of the informant's identity 'would only be marginally valuable to the defendant's case, then it is insufficient to show that the informant was a particular witness to [the action alleged].'" *Edwards v. County of Nassau*, No. 05-CV-3002, 2007 WL 9723189, at *7 (E.D.N.Y. Mar. 31, 2007) (quoting *Ortega v. United States*, 897 F. Supp. 771, 780 (S.D.N.Y. 1995))

4

(alteration in original). "Further, 'the availability of other means for discovery or investigation, such as depositions or interviews, even if more expensive, weighs against disclosure, as does the possibility of [] retaliation against the informant, particularly where [the informant] . . . has been assured by a law enforcement official that his identity will not be disclosed.'" *Newell*, 2003 WL 21361737, at *2 (quoting *Cullen,* 822 F.2d at 716) (alterations in original).

The Court finds that Plaintiff has not met his burden to overcome the informer's privilege. First, Defendants note that their "paramount concern is the safety of the CI, and [] the CI's safety will undoubtedly be jeopardized should they not be permitted to remain anonymous." (Defs.' Resp. 6.) "The Court credits [D]efendants' concern that . . . expos[ing] [the] CI's identity [could] pose a danger to the CI's safety." *James v. Alvarez*, No. 05-CV-5992, 2008 WL 11414567, at *5 (E.D.N.Y. Feb. 15, 2008), *report and recommendation adopted*, 2008 WL 11414568 (E.D.N.Y. Mar. 31, 2008). Moreover,

> Although [P]laintiff may not personally pose a risk to the confidential informant, there is a risk that if the identity of the CI is revealed, drug traffickers in the vicinity of plaintiff's home and individuals who were arrested in prior cases in which the CI participated could jeopardize the informant's safety.

*Id.*

Second, Judge Davison, recognizing that the privilege "protects only the identity of the informant" and "not the content of the informant's communications," *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, No. 11-CV-3543, 2014 WL 2116147, at *3 (S.D.N.Y. May 14, 2014), suggested helpful alternatives so that Plaintiff could receive information that would be helpful to his claim while simultaneously protecting the safety of the CI and avoiding a chilling effect on the willingness of other CIs to assist law enforcement in the future, *see Goodloe v. City of New York*, 136 F. Supp. 3d 283, 301 (E.D.N.Y. 2015) (applying the informer's privilege where disclosure of the requested information would "compromise the CI's

5

confidentiality and safety," which "in turn would likely have a chilling effect upon the willingness of other individuals to aid in investigations and prosecutions as confidential informants going forward"). Specifically, Judge Davison "encourage[ed] [Plaintiff] to seek and . . . direct[ed] Defendants to provide such documentation as there is relating to this informant's track record and . . . anything else pertinent to the information's reliability," but suggested that such information will need to be redacted to "conceal the identifying information of the informant himself." (Pl.'s Obj. Ex. A ("Hearing Tr.") 22–23 (Dkt. No. 77-1).) Judge Davison also suggested that the Parties conduct a telephonic deposition of the informant, so that Plaintiff could glean the information he needs without learning the CI's identity. (*See id.* at 23.) "With such limitations and precautions in place, a deposition of the CI would" allow Plaintiff to probe for information that is "plainly relevant to the claims and defenses in this case" without "run[ning] afoul of the informer's privilege." *Arbelaez*, 2019 WL 5634174, at \*4; *see also Ayala*, 2004 WL 2914085, at \*3 (applying the informer's privilege but noting that the plaintiff was entitled to discovery relating to the reliability of the informant and suggesting that the plaintiff depose the relevant police officer to discover the information learned from the CI). Judge Davison further noted that, because the search warrant application contains detailed information regarding dates and locations of drug transactions, if Plaintiff were to read it, Plaintiff would likely be able to discern the CI's identity. (*See* Hearing Tr. at 23.) Judge Davison therefore declined to lift the AEO designation on the warrant application, but he noted that "[c]ounsel have it and can use it . . . in pursuing further discovery." (*Id.*) *See also Atwell v. City of New York*, No. 07-CV-2365, 2008 WL 5336690, at \*2 (S.D.N.Y. Dec. 15, 2008) (ordering production of search warrant and supporting affidavits because they "go to the heart of [the] [p]laintiff's contention that the search was illegal," but requiring the redaction of the

6

identities and addresses of the CIs); *Ayala*, 2004 WL 2914085, at *3 (denying disclosure of CI's identity, but requiring production of redacted affidavit in support of search warrant).[2]

Third, the Court notes that "there is 'ample authority' for the proposition that the [informer's] privilege is stronger in civil litigation than in criminal [cases]." *Ayala*, 2004 WL 2914085, at *1 (quoting *In re United States,* 565 F.2d 19, 22 (2d Cir. 1977)).  Taking of all these considerations into account, the Court finds that Judge Davison correctly applied the informer's privilege to this Action and that his denial of Plaintiff's Motion to Compel was not clearly erroneous.

### III. Conclusion

For the reasons stated above, Plaintiff's Objection is overruled and Judge Davison's ruling denying Plaintiff's Motion to Compel is affirmed.  All deadlines remain unchanged.

SO ORDERED.

DATED:    July 25, 2021
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that, following the hearing on Plaintiff's Motion to Compel, Plaintiff requested, and Defendant provided, information relating to the CI's past reliability and involvement in Plaintiff's underlying criminal case. (*See* Defs.' Resp. 8–9.) However, by March 25, 2022, the date on which Defendants filed their response to Plaintiff's Objections, and six weeks after the hearing on Plaintiff's Motion to Compel, Plaintiff had not arranged for the CI to respond to interrogatories or be deposed telephonically, as suggested by Judge Davison. (*See id.* at 9.)